UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          **NOT FOR PUBLICATION**
-------------------------------------------------------------x

QUEENE E. CAVETTE,

               Plaintiff,                    **MEMORANDUM
                                                      AND ORDER**
          -against-                        06-CV-5398 (ERK)

HON. MICHAEL R BLOOMBERG; VERNA
EGGLESTGON; THE HUMAN RESOURCES
ADMINISTRATION/DEPARTMENT OF
SOCIAL SERVICES; ADULT PROTECTIVE
SERVICES; THE KISLAK CO., INC. ASSUMED
NAME J.I. KISLAK MORTGAGE CORPORATION;
HARRY A. WAGNER; PC; LINDSAY EASON;
LINDA FEDRIZZI ESQ.; OMEGA SHIPPING
CO. INC.,
               Defendants.
-------------------------------------------------------------x
KORMAN, CH. J.

Plaintiff, appearing *pro se,* brings this action pursuant to 42 U.S.C. § 1983. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, solely for the purpose of this order and dismisses the case for the reasons stated below.

## BACKGROUND

Plaintiff alleges:

This action is being filed against New York City for failing to provide services to me in an appropriate and timely manner. They failed to provide legal services and as a result I was illegally evicted from my home on October 2, 2003. I am suing for Breach of Contract and violation of Americans with Disabilities Act. Each defendant is being sued for their failure to provide necessary services in a timely manner in violation of federal, state and city laws.

Complaint at 2, ¶ 7. Plaintiff seeks twenty million dollars in damages.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

## DISCUSSION

Section 1983 claims

42 U.S.C. § 1983 provides a private right of action against any person who, acting under color of state law, causes another person to be subjected to the deprivation of rights under the Constitution or federal law. Because § 1983 imposes liability only upon those whose actions cause a deprivation of rights, as a prerequisite to a damage award under 42 U.S.C. § 1983, a plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional deprivation. Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). Thus, a plaintiff must "allege a tangible connection between the acts of the defendant and the injuries suffered." Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986). Moreover, liability under § 1983 cannot be generally imposed on a supervisor solely based on his position because there is no respondeat superior or vicarious liability under § 1983. Blyden, 186 F.3d at 264; see also Monell v. Dept of Social Servs., 436 U.S. 658, 692-95 (1978).

The present complaint fails to allege facts demonstrating that defendants Bloomberg, Egglestgon and Eason had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's civil rights. Other than naming these defendants in the caption of

the complaint, plaintiff fails to make any allegations of fact against these defendants. Accordingly, plaintiff's claims against Mayor Michael Bloomberg, Commissioner Egglestgon, and Sheriff Lindsay Eason[1] are dismissed for failure to state a claim under 28 U.S.C. § 1915 (e)(2)(B)(ii).

In addition, as previously stated a claim for relief under § 1983 must allege facts showing that the defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. See Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted); cf. Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 295 (2001) ("state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself'") (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974)).

For plaintiff to succeed on her § 1983 complaint, she must first establish that the conduct of the named defendant is "fairly attributable to the State." American Manufacturers Mutual Insurance Co., 526 U.S. at 50. Kislak Company and Omega Shipping Company are private companies, likewise Harry Wagner, the attorney for Kislak Company is a private individual. As these defendants are private parties whose conduct cannot be fairly attributed to the state, plaintiff fails to present a cognizable claim. Accordingly, plaintiff's claims against Kislak Company,

---

[1] Plaintiff failed to indicate what position Lindsay Eason held at the New York City Department of Finance. The Department of Finance website indicates that she is the Sheriff. See http://www.nyc.gov/html/dof/html/about/about_divisions.shtml.

3

Omega Shipping Company and Harry Wagner are dismissed for failure to state a claim under 28 U.S.C. § 1915 (e)(2)(B)(ii).

Rooker-Feldman

To the extent that plaintiff seeks to challenge her eviction, this Court lacks subject matter jurisdiction over plaintiff's eviction claims pursuant to Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983) (Rooker-Feldman doctrine). The Supreme Court stated in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005), that the Rooker-Feldman doctrine precludes a district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 1521-22; see also Hoblock v. Albany Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005). Therefore, plaintiff may not challenge the orders of the state courts regarding her eviction in this Court. See Feinstein v. The Chase Manhattan Bank, No. 06 Cv 1512, 2006 WL 898076, at *2 (E.D.N.Y. Apr 05, 2006); Trang v. Concris Realty Co., No. 05-CV-5441, 2005 WL 1398004 (E.D.N.Y. June 14, 2005) (federal court lacks jurisdiction over eviction proceedings); Dockery v. Cullen & Dykman, 90 F.Supp.2d 233 (E.D.N.Y. 2000) (federal court lacks jurisdiction over claim that foreclosure was obtained by fraud); see also Beckford v. Citibank NA., No. 00-CV-205, 2000 WL 1585684 (S.D.N.Y. Oct. 24, 2000) (federal court lacks jurisdiction over claim that defendants violated state and federal laws during foreclosure proceedings); McAllan v. Malatzky, No. 97 CV 8291, 1998 WL 24369, at *2-3 (S.D.N.Y. Jan. 22, 1998) (no subject matter jurisdiction where plaintiff attempted to recloak his charges regarding a state housing court matter as a violation of his constitutional rights).

## **CONCLUSION**

Plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

S/ Edward R. Korman  
EDWARD R. KORMAN  
United States District Judge

Dated: Brooklyn, New York
       Oct. 20, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

QUEENE E. CAVETTE,

                Plaintiff,                              **CIVIL JUDGMENT**

        -against-                               06-CV-5398 (ERK)

HON. MICHAEL R BLOOMBERG; VERNA
EGGLESTGON; THE HUMAN RESOURCES
ADMINISTRATION/DEPARTMENT OF
SOCIAL SERVICES; ADULT PROTECTIVE
SERVICES; THE KISLAK CO., INC. ASSUMED
NAME J.I. KISLAK MORTGAGE CORPORATION;
HARRY A. WAGNER; PC; LINDSAY EASON;
LINDA FEDRIZZI ESQ.; OMEGA SHIPPING
CO. INC.,

                Defendants.
-----------------------------------------------------------------x

      Pursuant to the order issued ____Oct. 20, 2006_____ by the Honorable Edward R. Korman, dismissing the complaint, it is

      **ORDERED, ADJUDGED AND DECREED**:  That the complaint is hereby dismissed. 28 U.S.C. § 1915(e)(2).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the Court's order would not be taken in good faith.

                                                    _S/ Edward R. Korman____
                                                    EDWARD R.KORMAN
                                                    United States District Judge

Dated:  Brooklyn, New York
         Oct. 20, 2006